[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 21-10141
Non-Argument Calendar
_____

D.C. Docket No. 8:19-cr-00087-SDM-AAS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO MORROW,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 17, 2021)

Before MARTIN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Antonio Morrow, a federal prisoner proceeding pro se,[1] appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  No reversible error has been shown; we affirm.

In 2019, Morrow pleaded guilty to possession with intent to distribute cocaine, cocaine base, and hydromorphone and to possession of a firearm in furtherance of a drug trafficking offense.  Morrow is serving a total sentence of 101 months' imprisonment.

In November 2020, Morrow moved pro se for compassionate release under section 3582(c)(1)(A), as amended by the First Step Act.[2]  Morrow sought relief based on the COVID-19 pandemic.  Morrow alleged that the prison where he is incarcerated failed to implement adequate precautions against COVID-19.  Morrow also said his medical conditions (hypertension, asthma, and obesity) and his status as a former smoker constitute extraordinary and compelling reasons warranting compassionate release because these conditions put him at increased risk of serious illness if he were to contract COVID-19.

---

[1] We read liberally briefs filed by pro se litigants.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

[2] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

2

The district court denied Morrow's motion for compassionate release "[f]or the reasons sufficiently explained" in the government's brief opposing Morrow's motion.  In particular, the district court noted these reasons for denying Morrow relief: (1) Morrow's hypertension and asthma were managed successfully with medication, and Morrow's obesity was at the low end; (2) Morrow demonstrated no extraordinary and compelling reasons warranting a reduced sentence; (3) the mere existence of the COVID-19 pandemic constituted no extraordinary and compelling reason under U.S.S.G. § 1B1.13, comment n.1(A); and (4) the Bureau of Prisons ("BOP") had modified its operations to minimize the risk of COVID-19 transmission.

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release.  See United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." United States v. Khan, 794 F.3d 1288, 1293 (11th Cir. 2015).

As amended by the First Step Act, section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment under these circumstances:

> [T]he court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is

3

consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. See U.S.S.G. § 1B1.13; United States v. Bryant, 996 F.3d 1243, 1247 (11th Cir. 2021). The commentary to section 1B1.13 identifies four categories -- including a prisoner's medical condition -- that might constitute extraordinary and compelling reasons warranting a reduced sentence. Id. § 1B1.13 comment. (n.1).

Pertinent to this appeal, Application Note 1(A) of section 1B1.13 provides that a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal illness, or (2) has a substantially diminished ability to provide self-care in prison because of a serious physical or mental condition or because of age-related deterioration in physical or mental health. Id. § 1B1.13 comment (n.1(A)).[3] If the district court decides that a defendant's circumstances meet none of the four categories in Application Note 1, the defendant is ineligible for relief. Bryant, 996 F.3d at 1254.

---

[3] That the circumstances identified in Application Notes 1(B) (addressing defendants 65 and older) and 1(C) (addressing a defendant's family circumstances) are inapplicable to Morrow is clear. We have also concluded that the "catchall" provision in Application Note 1(D) applies only in situations where the BOP has identified other reasons warranting a sentence reduction. See Bryant, 996 F.3d at 1248 (explaining that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

As an initial matter, Morrow's argument that the district court erred in applying the policy statement in U.S.S.G. § 1B1.13 to a prisoner-filed motion is now foreclosed by our decision in Bryant. See id. at 1247 (concluding that section 1B1.13 remains the applicable policy statement for all motions filed under section 3582(c)(1)(A), including those filed by prisoners).

The district court abused no discretion in determining that the medical conditions described by Morrow -- including the potential of an increased risk of complications due to COVID-19 -- were not sufficiently severe to constitute an "extraordinary and compelling reason" within the meaning of section 1B1.13. Morrow has failed to show that he suffers from a terminal illness or from a serious medical condition that "substantially diminishes" his ability to provide self-care in prison. See U.S.S.G. § 1B1.13, comment. (n.1). The record demonstrates that Morrow's hypertension and asthma were being treated by the BOP and that Morrow was managing these conditions successfully with medication. That Morrow's medical conditions might put him at some increased risk of serious illness due to COVID-19 does not, by itself, mandate a finding of an extraordinary and compelling reason under section 1B1.13. See Harris, 989 F.3d at 912 (affirming the district court's determination that a prisoner's medical conditions -- including hypertension -- constituted no extraordinary and compelling reason when

5

the medical conditions "might" put the prisoner at increased risk of serious illness due to COVID-19).

The district court abused no discretion in concluding that Morrow demonstrated no "extraordinary and compelling reason" within the meaning of section 1B1.13.  Morrow was thus ineligible for a sentence reduction.[4]  See Bryant, 996 F.3d at 1254.  We affirm the denial of Morrow's motion for compassionate release.

AFFIRMED.

---

[4] Because we conclude that Morrow failed to establish his eligibility for a sentence reduction under Application Note 1, we need not address Morrow's contention that the district court committed clear error in finding that the BOP modified its operations in response to COVID-19.